**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SMARTSIGNAL CORPORATION, a Delaware corporation, | ) ) ) Civil Action No. 1:10-cv-03799 |
| Plaintiff, | ) ) The Honorable _____ |
| v. | ) ) Magistrate Judge _____ |
| XU XIAO, a resident of Illinois, | ) ) **VERIFIED COMPLAINT** |
| Defendant. | ) ) **JURY TRIAL DEMANDED** ) |

Plaintiff, SmartSignal Corporation ("SmartSignal"), complains against Defendant, Xu Xiao, as follows:

## NATURE OF ACTION

This is an action for patent infringement pursuant to 35 U.S.C. § 271. The SmartSignal patented technology relates to methods and systems, including software, for monitoring the health of equipment and systems. This is also an action for breach of contract and fiduciary duty, violation of the Computer Fraud and Abuse Act, the Illinois Trade Secrets Act, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, unfair competition under the Lanham Act and common law of Illinois, and unlawful conversion of property.

## THE PARTIES

1.  SmartSignal is a corporation organized under the laws of the State of Delaware with its principal place of business at 901 Warrenville Road, Suite 300, Lisle, Illinois 60532.

2.      Defendant Xiao is a national of the People's Republic of China.

3.      Upon information and belief, Defendant Xiao is a permanent resident of the United States and a resident of the State of Illinois with his principal residence at 507 Dilorenzo Drive, Naperville, Illinois 60565.

## JURISDICTION AND VENUE

4.      This is, in part, an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.* This is also an action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, and for unfair competition under the Lanham Act, 15 U.S.C. §1125(a). The Court has exclusive jurisdiction over the subject matter of these causes of action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This is also an action for breach of contract and fiduciary duty, misappropriation of trade secrets under the Illinois Trade Secrets Act ("ITSA"), violation of both statutory and common law of Illinois for unfair competition, deceptive business practices and unlawful conversion of property. This Court has subject matter jurisdiction over these state causes of action pursuant to 28 U.S.C. § 1367(a).

6.      Venue lies in this District pursuant to 28 U.S.C. § 1391 because Defendant Xiao resides in this District and because material acts and omissions giving rise to the claims alleged herein occurred in this District.

## BACKGROUND

### The Technology at Issue

7.      SmartSignal is a pioneer in the field of methods and systems, including software, for monitoring the health of equipment and systems. SmartSignal forged the industry with a new

technology for monitoring the health of equipment and systems, and thus, its commercial products and services were the first of their kind.

8.     Because their products and services were the first of their kind, in order to provide education about, describe, promote, and sell its products and services, SmartSignal created a vocabulary unique to its technology, products and their functionalities and capabilities. This vocabulary became indicative of SmartSignal's technology, products and services. The vocabulary used by SmartSignal was not and is not common parlance.

9.     SmartSignal's technology and related products and services are employed in very complex industrial environments. These environments include power generation, including fossil, wind, hydro and nuclear; oil and gas; mining; aircraft; and pulp and paper.

10.     SmartSignal's initial technology was developed in conjunction with the U.S. Department of Energy for use with nuclear facilities. Today, SmartSignal's technology and products and services have been significantly enhanced and refined with newly developed technologies and are used by leading companies, including nuclear facilities in the United States to increase their reliability and safety.

11.     SmartSignal takes great precautions to protect its intellectual property and other proprietary, confidential and trade secret information of its technology, products and business.

12.     SmartSignal has invested significant resources to develop its technology and related products and services. This has been done over at least the past ten years and at the cost of many millions of dollars.

13.     SmartSignal has received numerous U.S. patents on its technology.

14.     On April 5, 2005, U.S. Patent No. 6,876,943 ("the '943 patent"), entitled "Inferential Signal Generator for Instrumented Equipment and Processes," a copy of which is attached hereto as

Exhibit 1, was duly and legally issued. The inventor, Stephan W. Wegerich, assigned all right, title and interest in the '943 patent to SmartSignal.

15. On April 29, 2003, U.S. Patent No. 6,556,939 ("the '939 patent"), entitled "Inferential Signal Generator for Instrumented Equipment and Processes," a copy of which is attached hereto as Exhibit 2, was duly and legally issued. The inventor, Stephan W. Wegerich, assigned all right, title and interest in the '939 patent to SmartSignal.

16. On June 19, 2007, U.S. Patent No. 7,233,886 ("the '886 patent"), entitled "Adaptive Modeling of Changed States In Predictive Condition Monitoring," a copy of which is attached hereto as Exhibit 3, was duly and legally issued. The inventors, Stephan W. Wegerich, David R. Bell, and Defendant Xiao, assigned all right, title and interest in the '886 patent to SmartSignal.

17. On December 11, 2007, U.S. Patent No. 7,308,385 ("the '385 patent"), entitled "Diagnostic Systems and Methods for Predictive Condition Monitoring," a copy of which is attached hereto as Exhibit 4, was duly and legally issued. The inventors, Stephan W. Wegerich, Andrew Wolosewicz, and R. Matthew Pipke, assigned all right, title and interest in the '385 patent to SmartSignal.

18. On May 26, 2009, U.S. Patent No. 7,539,597 ("the '597 patent"), entitled "Diagnostic Systems and Methods for Predictive Condition Monitoring," a copy of which is attached hereto as Exhibit 5, was duly and legally issued. The inventors, Stephan W. Wegerich, Andrew Wolosewicz, and R. Matthew Pipke, assigned all right, title and interest in the '597 patent to SmartSignal.

19. As part of conducting its business, SmartSignal developed, updates and utilizes a software "tool kit." The tool kit was developed at great expense by SmartSignal, and the tool kit itself along with how it is used are considered trade secrets by SmartSignal.

20. SmartSignal engineers use the tool kit in their research department for development.

21.    SmartSignal engineers also use the tool kit in their Application Engineering Division to set up and build systems that are specially tuned to a client's specific equipment and operation environments.

22.    The tool kit is integral to implementation of SmartSignal's technology and related products.  The tool kit has evolved over time and is constantly updated by SmartSignal.

23.    Within SmartSignal, the only employees that are permitted access to the tool kit are those that need it to perform their job functions.  The information contained in the tool kit is covered by non-disclosure agreements.

**The Defendant's Employment at SmartSignal**

24.    On April 5, 2001, Defendant Xiao signed an Employee Confidentiality, Intellectual Property and Non-Competition Agreement ("the Employment Agreement") with SmartSignal. Attached hereto as Exhibit 6 is a true and accurate copy of the Employment Agreement signed by Defendant Xiao.

25.    Section 1 of the Employment Agreement states that "I will not copy or make notes of, disclose to anyone outside the Company or use any of the Confidential Information for my own or anyone else's benefit, either during or after the termination of my employment with the Company."

26.    The Employment Agreement defines "Confidential Information" as "information (including information created by me) that is not generally known to the public about the organization, business, or finances of the Company . . . including, but not limited to, trade secrets or other information about projects, developmental or experimental work, clients, finances, computer programs, databases, processes, formulas, suppliers, business plans, marketing plans, and employees."

27.     Section 3 of the Employment Agreement also states that "During my employment with the Company . . . I will not . . . (1) engage in any business activity in the United States which is in direct competition with the primary products or services being developed, manufactured or sold by the Company . . . (2) solicit for or do business with any customer of the Company or any potential customer . . . ."

28.     SmartSignal provided Defendant Xiao a company computer during his employment with SmartSignal and provided him with access to its computer network.

29.     From 2000 through 2005, Defendant Xiao worked in the Technology Group at SmartSignal.  As part of his job responsibilities, Defendant Xiao used the SmartSignal software tool kit for algorithm development.

30.     From 2005 to 2007, Defendant Xiao worked in the Application Engineering Division and was involved in the implementation of the unique models developed for SmartSignal's clients using the SmartSignal tool kit.

31.     During his time at SmartSignal, Defendant Xiao had access to algorithm code and other proprietary and trade secret information, such as the tool kit, that is core to SmartSignal's technology, products, and services.  Aspects of such technology and products are protected by patent, copyright, trade secret and contractual protection.

32.     Defendant Xiao resigned from SmartSignal in June of 2007.

33.     Upon information and belief, during his employment, Defendant Xiao copied and/or transferred key technology and software, including the tool kit, to an external computer and/or other device without the permission or authorization of SmartSignal.

34.    Upon information and belief, Defendant Xiao improperly destroyed company data from the computer issued to him by SmartSignal and on SmartSignal's computer network during his employment at SmartSignal.

35.    Upon information and belief, Defendant Xiao concealed both the copying and/or transferring of SmartSignal's information, technology and software, as well as his destruction of company data, from SmartSignal.

36.    Because Defendant Xiao successfully hid his illicit activities, SmartSignal only recently became aware of Defendant Xiao's acts.

### The Defendant's Proposal to the Chinese Government

37.    In 2004, while still an employee of SmartSignal, Defendant Xiao authored and submitted a request for funding proposal to the Chinese government and others ("the Chinese proposal"), entitled "Development of Intelligent Software System for Early Prediction and Diagnosis of Faults in Industrial Equipment."   A translation of the Chinese proposal is attached hereto as Exhibit 7.

38.    The Chinese proposal describes concepts that are protected by SmartSignal's intellectual property protections.   The Chinese proposal refers to process fault detection and diagnosis ("PFDD") technology and describes such technology as having features and capabilities identical to those of SmartSignal's protected technology.

39.    The Chinese proposal also includes an "Application Examples" section describing "performance tests" for the PFDD technology.   Each of these tests are specific implementations of SmartSignal's technology at SmartSignal's clients at or around the time the Chinese proposal was submitted.

40.    Defendant Xiao named only himself as the person to contact regarding the proposal, listing a personal phone number and personal email address as methods of contact.

41.    Defendant Xiao did not disclose his involvement with or the existence of this proposal to his superiors at SmartSignal, was not authorized to use or disclose, and did not obtain permission to use or disclose, SmartSignal's confidential, proprietary and trade secret information in connection with the Chinese proposal.

### The Defendant's Activities with China Real-Time

42.    China Real-Time Technology Co., Ltd. ("China Real-Time") is a Chinese company with which SmartSignal directly competes within China.

43.    China Real-Time markets a product called Intelligent Equipment Management System ("iEM System").

44.    Upon information and belief, China Real-Time's iEM System has capabilities virtually identical to SmartSignal's technology and products.

45.    In May 2008, China Real-Time published a technical white paper ("the China Real-Time white paper") that "describes the DM [data mining] technical theory of the iEM System and its application."  A translation of this white paper is attached as Exhibit 8.

46.    The China Real-Time white paper claims that China Real-Time "developed" its iEM System and that the system employs non-parametric multi-state simulation technology ("NPMSE"). Defendant Xiao claims to have developed the NPMSE technology.

47.    The China Real-Time white paper describes the operation and functionality of the iEM System using the unique vocabulary indicative of SmartSignal's proprietary technology and products and an illustration of the type created by SmartSignal.  The description of the iEM System is virtually identical to the capabilities and functionalities of SmartSignal's technology and products.

48.    Upon information and belief, Defendant Xiao is now and/or has been affiliated with China Real-Time, and this affiliation includes aiding in the development, marketing and implementation of China Real-Time's iEM and NPMSE technology using SmartSignal's legally protected confidential and trade secret information and patented technology.  Upon information and belief, these activities of Defendant Xiao have occurred at least in part from this District.

### The Defendant's Activities with SolidWay Technology

49.    SolidWay Technology Development Ltd. ("SolidWay") is a Chinese company.

50.    Upon information and belief, Defendant Xiao co-founded SolidWay sometime in 2007 and/or is affiliated with SolidWay.

51.    SolidWay's website identifies Defendant Xiao as a general engineer for SolidWay and describes that he worked for SmartSignal.

52.    SolidWay offers a product called EPMS, Industrial Equipment Condition and Performance Management System ("the EPMS system").

53.    A "white paper" was published regarding SolidWay's "EPMS industrial equipment operation state diagnosis/analysis and early fault warning system" ("the SolidWay white paper").  A translation of this white paper is attached as Exhibit 9.

54.    The SolidWay white paper claims that the EPMS system was "independently developed" by Defendant Xiao and Mr. Liu Jun and that the EPMS system uses the NPMSE technology.

55.    The SolidWay white paper describes the EPMS system as having capabilities and functionalities virtually identical to SmartSignal's technology and products.

56.    The SolidWay white paper uses the unique vocabulary indicative of SmartSignal's technology and products.

57.     SolidWay's website (www.solidwaytech.cn) also links to a paper entitled "Industrial System Faults Early Forecast and Diagnosis System (EPMS)," which directly links Defendant Xiao to SolidWay and China Real-Time.  This paper describes Defendant Xiao as the "developer" of its technology and contains written descriptions identical to that contained in the China Real-Time white paper.  This paper also provides additional detail about NPMSE, which is used by both iEM of China Real-Time and EPMS of SolidWay.  This additional detail includes, among other similarities, the unique equations used by SmartSignal to describe its technology.  A translation of various portions of this SolidWay paper is attached hereto as Exhibit 10.

58.     Upon information and belief, Defendant Xiao developed both EPMS and NPMSE using SmartSignal's confidential and trade secret information, as well as SmartSignal's patented technology.  Upon information and belief, Defendant Xiao aids in the marketing, selling and implementation of EPMS systems and NPMSE technology on behalf of SolidWay and himself.  Upon information and belief, these activities of Defendant Xiao have occurred at least in part from this District.

### FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '943 PATENT

59.     SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 58, as if fully set forth herein.

60.     Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '943 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell methods and systems, including software and technology, such as that referred to as iEM, EPMS and NPMSE, for monitoring the health of equipment and systems that are covered by the '943 patent within the United States and within this District.

61. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to induce the direct infringement by end users of the '943 patent in violation of 35 U.S.C. § 271(b) with the specific intent to cause and/or encourage such direct infringement of the '943 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '943 patent.

62. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '943 patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of others by at least supplying methods and systems, including computer algorithms, code, software, or technology, such as that referred to as iEM, EPMS, and NPMSE, knowing that such methods and systems are especially made or especially adapted for use in infringing the patented technology and not a staple article or commodity of commerce suitable for substantial non-infringing use.

63. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '943 patent in violation of 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '943 patent in such a manner as to actively induce the combination of the components outside of the United States in an infringing manner.

64. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, also has in the past and continues to infringe

the '943 patent in violation of 35 U.S.C. § 271(f)(2) by supplying or causing to be supplied in or from the United States a component, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that is especially made or especially adapted for use in such methods and systems and not a staple article or commodity of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in an infringing manner.

65. Defendant Xiao's direct infringement, contributory infringement and/or inducement to infringe the '943 patent has injured SmartSignal, and SmartSignal is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

66. Unless enjoined by the Court, Defendant Xiao will continue to injure SmartSignal by infringing the '943 patent.

### SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '939 PATENT

67. SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 66, as if fully set forth herein.

68. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '939 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '939 patent within the United States and within this District.

69. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to induce the

direct infringement by end users of the '939 patent in violation of 35 U.S.C. § 271(b) with the specific intent to cause and/or encourage such direct infringement of the '939 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '939 patent.

70. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '939 patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of others by at least supplying methods and systems, including computer algorithms, code, software or technology, such as that referred to as iEM, EPMS, and NPMSE, knowing that such methods and systems are especially made or especially adapted for use in infringing the patented technology and not a staple article or commodity of commerce suitable for substantial non-infringing use.

71. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '939 patent in violation of 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '939 patent in such a manner as to actively induce the combination of the components outside of the United States in an infringing manner.

72. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, also has in the past and continues to infringe the '939 patent in violation of 35 U.S.C. § 271(f)(2) by supplying or causing to be supplied in or from the United States a component, uncombined in whole or in part, of methods and systems,

13

including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that is especially made or especially adapted for use in such methods and systems and not a staple article or commodity of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in an infringing manner.

73. Defendant Xiao's direct infringement, contributory infringement and/or inducement to infringe the '939 patent has injured SmartSignal, and SmartSignal is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

74. Unless enjoined by the Court, Xiao will continue to injure SmartSignal by infringing the '939 patent.

### THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '886 PATENT

75. SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 74, as if fully set forth herein.

76. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '886 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring equipment health and systems that are covered by the '886 patent within the United States and within this District.

77. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to induce the direct infringement by end users of the '886 patent in violation of 35 U.S.C. § 271(b) with the specific intent to cause and/or encourage such direct infringement of the '886 patent and/or with

deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '886 patent.

78. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '886 patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of others by at least supplying methods and systems, including computer algorithms, code, software or technology, such as that referred to as iEM, EPMS, and NPMSE, knowing that such methods and systems are especially made or especially adapted for use in infringing the patented technology and not a staple article or commodity of commerce suitable for substantial non-infringing use.

79. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '886 patent in violation of 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '886 patent in such a manner as to actively induce the combination of the components outside of the United States in an infringing manner.

80. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, also has in the past and continues to infringe the '886 patent in violation of 35 U.S.C. § 271(f)(2) by supplying or causing to be supplied in or from the United States a component, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that is especially made or especially adapted for use

in such methods and systems and not a staple article or commodity of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in an infringing manner.

81.    As a co-inventor listed on the face of the patent, Defendant Xiao had notice of the '886 patent.

82.    Defendant Xiao's direct infringement, contributory infringement and/or inducement to infringe the '886 patent has injured SmartSignal, and SmartSignal is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

83.    Unless enjoined by the Court, Defendant Xiao will continue to injure SmartSignal by infringing the '886 patent.

### FOURTH CAUSE OF ACTION: INFRINGEMENT OF THE '385 PATENT

84.     SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 83, as if fully set forth herein.

85.    Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '385 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '385 patent within the United States and within this District.

86.    Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to induce the direct infringement by end users of the '385 patent in violation of 35 U.S.C. § 271(b) with the specific intent to cause and/or encourage such direct infringement of the '385 patent and/or with

deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '385 patent.

87. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '385 patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of others by at least supplying methods and systems, including computer algorithms, code, software or technology, such as that referred to as iEM, EPMS, and NPMSE, knowing that such methods and systems are especially made or especially adapted for use in infringing the patented technology and not a staple article or commodity of commerce suitable for substantial non-infringing use.

88. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '385 patent in violation of 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '385 patent in such a manner as to actively induce the combination of the components outside of the United States in an infringing manner.

89. Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, also has in the past and continues to infringe the '385 patent in violation of 35 U.S.C. § 271(f)(2) by supplying or causing to be supplied in or from the United States a component, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that is especially made or especially adapted for use

in such methods and systems and not a staple article or commodity of commerce suitable for substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in an infringing manner.

90.     Defendant Xiao's direct infringement, contributory infringement and/or inducement to infringe the '385 patent has injured SmartSignal, and SmartSignal is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

91.     Unless enjoined by the Court, Defendant Xiao will continue to injure SmartSignal by infringing the '385 patent.

### FIFTH CAUSE OF ACTION: INFRINGEMENT OF THE '597 PATENT

92.     SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 91, as if fully set forth herein.

93.     Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '597 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell methods and systems, including software and technology, such as that referred to as iEM, EPMS and NPMSE, for monitoring the health of equipment and systems that are covered by the '597 patent within the United States and within this District.

94.     Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to induce the direct infringement by end users of the '597 patent in violation of 35 U.S.C. § 271(b) with the specific intent to cause and/or encourage such direct infringement of the '597 patent and/or with deliberate indifference of a known risk that such activities would cause and/or encourage direct infringement of the '597 patent.

95.    Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '597 patent in violation of 35 U.S.C. § 271(c) by contributing to the direct infringement of others by at least supplying methods and systems, including computer algorithms, code, software, or technology, such as that referred to as iEM, EPMS, and NPMSE, knowing that such methods and systems are especially made or especially adapted for use in infringing the patented technology and not a staple article or commodity of commerce suitable for substantial non-infringing use.

96.    Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, has in the past and continues to infringe the '597 patent in violation of 35 U.S.C. § 271(f)(1) by supplying or causing to be supplied in or from the United States all or a substantial portion of components, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that are covered by the '597 patent in such a manner as to actively induce the combination of the components outside of the United States in an infringing manner.

97.    Upon information and belief, Defendant Xiao by himself and/or through his companies, affiliates, agents, and/or business partners, also has in the past and continues to infringe the '597 patent in violation of 35 U.S.C. § 271(f)(2) by supplying or causing to be supplied in or from the United States a component, uncombined in whole or in part, of methods and systems, including software and technology, such as that referred to as iEM, EPMS, and NPMSE, for monitoring the health of equipment and systems that is especially made or especially adapted for use in such methods and systems and not a staple article or commodity of commerce suitable for

substantial noninfringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in an infringing manner.

98. Defendant Xiao's direct infringement, contributory infringement and/or inducement to infringe the '597 patent has injured SmartSignal, and SmartSignal is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

99. Unless enjoined by the Court, Defendant Xiao will continue to injure SmartSignal by infringing the '597 patent.

## SIXTH CAUSE OF ACTION: BREACH OF CONTRACT

100. SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 99, as if fully set forth herein.

101. The Employment Agreement between SmartSignal and Defendant Xiao constitutes an enforceable agreement.

102. Upon information and belief, Defendant Xiao copied, disclosed, and/or used SmartSignal's confidential and trade secret information for the benefit of others, including himself, both during and after his termination of employment with SmartSignal.

103. Defendant Xiao's copying, disclosing and/or using SmartSignal's confidential and trade secret information in this manner is a material breach of the Employment Agreement.

104. Upon information and belief, Defendant Xiao engaged in business activities in the United States in direct competition with the primary products and/or services being developed, manufactured and sold by SmartSignal.

105. Defendant Xiao's engaging in business activities in this anti-competitive manner was a material breach of the Employment Agreement.

106.   Upon information and belief, Defendant Xiao solicited for and/or did business with at least one potential customer of SmartSignal during his employment with SmartSignal.

107.   Defendant Xiao's engaging in solicitation activities in this anti-competitive manner was a material breach of the Employment Agreement.

108.  SmartSignal has been damaged by Defendant Xiao's material breaches of the Employment Agreement in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION: VIOLATION OF THE ILLINOIS TRADE SECRETS ACT**

109.   SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 108, as if fully set forth herein.

110.  SmartSignal has invested substantial time, money and effort in developing and maintaining the secrecy of its confidential and trade secret information, including the use, development and maintenance of SmartSignal's software tool kit.

111.   SmartSignal derives substantial economic value from its confidential and trade secret information, including its use, development and maintenance of SmartSignal's software tool kit.

112.   SmartSignal takes affirmative measures to keep its confidential and trade secret information secret, including internal and external physical security.

113.   Specifically, SmartSignal has taken affirmative measures to maintain the secrecy and confidentiality of SmartSignal's software tool kit.

114.   The algorithms of SmartSignal's software tool kit are not available to the public or to SmartSignal's customers.

115.  Within SmartSignal, access to SmartSignal's software tool kit is restricted to employees that need access in order to perform their job duties.   Employees with access to SmartSignal's software tool kit are also subject to a non-disclosure agreement.

116.  SmartSignal's software tool kit constitutes a trade secret under the ITSA.

117.  By virtue of his prior Employment Agreement with SmartSignal and pursuant to the ITSA, Defendant Xiao is under a continuing duty to maintain the confidentiality of SmartSignal's confidential and trade secret information, including, but not limited to, SmartSignal's software tool kit.

118.  Despite his obligation to maintain the confidentiality of SmartSignal's trade secrets, Defendant Xiao has intentionally and willfully misappropriated such trade secrets in violation of the ITSA.

119.  SmartSignal has no adequate remedy at law to protect against Defendant Xiao's illegal misappropriation, use and disclosure of SmartSignal's trade secrets.

120.  Unless Defendant Xiao is enjoined from using SmartSignal's confidential, proprietary and trade secret information, SmartSignal will suffer further immediate and irreparable injury.

121.  As a result of Defendant Xiao's actions, SmartSignal has suffered damages in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION: VIOLATION OF THE COMPUTER FRAUD & ABUSE ACT

122.  SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 121, as if fully set forth herein.

123.  Upon information and belief, Defendant Xiao accessed at least one SmartSignal computer without authorization and/or by exceeding authorized access to obtain information from one or more protected computers and/or servers on SmartSignal's computer network.

124.  Such actions were intentional and for the commercial advantage of Defendant Xiao.

125.  Upon information and belief, these actions recklessly caused damage to SmartSignal by impairing the integrity and/or availability of company data.

126. Such damage was not discovered until at least 2010 in part due to Defendant Xiao's efforts to actively conceal his conduct while at SmartSignal.

127. Upon information and belief, these actions caused a loss of at least $5,000 to SmartSignal during a one-year period based at least in part on lost business because of Defendant Xiao's activities.

128. The intentional unauthorized access of the one or more computers or servers protected on the SmartSignal network is a violation of 18 U.S.C. § 1030(a).

129. SmartSignal, under 18 U.S.C. § 1030(g), is entitled to damages and injunctive relief.

**NINTH CAUSE OF ACTION: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**

130. SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 129, as if fully set forth herein.

131. By copying, using and/or disclosing SmartSignal's confidential, proprietary and/or trade secret information, Defendant Xiao benefitted by at least aiding or enabling himself, China Real-Time and/or SolidWay to shortcut the lead time and investments needed to develop their own methods, systems and software products for monitoring the health of equipment and systems to compete with SmartSignal.

132. By copying, using and/or disclosing SmartSignal's confidential and/or proprietary information, Defendant Xiao was able to submit the Chinese proposal as his own work.

133. By copying, using, and/or disclosing SmartSignal's confidential and/or proprietary information, Defendant Xiao has been passing off technology and products as his own when they are not.

134. The aforesaid wrongful acts of Defendant Xiao constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

### TENTH CAUSE OF ACTION: UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

135.   SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 134, as if fully set forth herein.

136.   By copying, using and/or disclosing SmartSignal's confidential, proprietary and/or trade secret information, Defendant Xiao benefitted by at least aiding or enabling himself, China Real-Time and/or SolidWay to shortcut the lead time and investments needed to develop their own methods, systems and software products for monitoring the health of equipment and systems to compete with SmartSignal.

137.   By copying, using and/or disclosing SmartSignal's confidential, proprietary and/or trade secret information, Defendant Xiao was able to submit the Chinese proposal as his own work.

138.   The aforesaid wrongful acts of Defendant Xiao constitute unfair competition under the common law of Illinois.

### ELEVENTH CAUSE OF ACTION: VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

139.   SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 138, as if fully set forth herein.

140.   By copying, using and/or disclosing SmartSignal's confidential, proprietary and/or trade secret information, Defendant Xiao has attempted to and/or succeeded in passing off at least the methods, systems and software products of China Real-Time and/or SolidWay as their own.

141.   The aforesaid wrongful acts of Defendant Xiao constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

**TWELFTH CAUSE OF ACTION:**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD & DECEPTIVE BUSINESS PRACTICES ACT**

142.   SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 141, as if fully set forth herein.

143.   Defendant Xiao's aforesaid deceptive trade practices further constitute a willful violation of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

**THIRTEENTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY**

144.   SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 143, as if fully set forth herein.

145.   While still employed at SmartSignal, Defendant Xiao engaged in competitive activity, including at least submitting the Chinese proposal to the Chinese government and others for personal gain.

146.   By engaging in the aforesaid wrongful acts, Defendant Xiao violated his duty of loyalty as an employee of SmartSignal not to engage in competition with SmartSignal while employed by SmartSignal.

147.   Defendant Xiao acted in the foregoing anti-competitive manner willfully, with fraud, malice, and/or gross negligence.

148.   As a result of Defendant Xiao's actions, SmartSignal has suffered damages in an amount to be determined at trial.

**FOURTEENTH CAUSE OF ACTION: CONVERSION**

149.   SmartSignal hereby repeats and re-alleges the allegations contained in paragraphs 1 to 148, as if fully set forth herein.

150. Upon information and belief, Defendant Xiao assumed unauthorized and wrongful control over SmartSignal's property, including, but not limited to, computer algorithms, code, software and related materials.

151. SmartSignal has an absolute right to immediate and exclusive possession of the computer algorithms, code, software and related materials.

152. Defendant Xiao was not authorized or given permission to remove any of SmartSignal's property from SmartSignal during his employment, nor was he authorized or given permission to keep in his possession or control any of SmartSignal's property upon his resignation.

153. Upon information and belief, since leaving SmartSignal's employ, Defendant Xiao has used and will continue to use SmartSignal's algorithms, code, software and related materials in the course of his business dealings with at least SolidWay and China Real-Time.

154. SmartSignal has been and will continue to be damaged by Defendant Xiao's wrongful retention of SmartSignal's algorithms, code software and related materials.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, SmartSignal prays for:

A. Judgment that the '943, '939, '886, '385, and '597 patents are each valid, enforceable, and infringed by the Defendant;

B. A preliminary and permanent injunction enjoining the Defendant, his affiliates, agents, servants, employees, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts;

C. An award of damages arising out of the Defendant's aforesaid unlawful acts, together with pre-judgment and post-judgment interest;

D.   An award of punitive damages arising out of the Defendant's aforesaid unlawful acts, as may be permitted by the laws of Illinois;

E.   Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284 or any other statutory or common law basis;

F.   An award of SmartSignal's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285 or any other statutory or common law basis; and

G.   Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

H.   Pursuant to Fed.R.Civ.P. 38, SmartSignal requests a trial by jury on all issues allowable by law.

### RESERVATION OF RIGHTS

I.   SmartSignal's investigation is ongoing, and certain material information remains in the sole possession of the Defendant or third parties, which will be obtained via discovery herein. SmartSignal expressly reserves the right to amend or supplement the causes of action set forth herein in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Date:   June 18, 2010          /s/ Mark W. Hetzler
                               Steven C. Schroer
                               Mark W. Hetzler
                               Timothy P. Maloney
                               Nicole L. Little
                               FITCH, EVEN, TABIN & FLANNERY
                               120 South LaSalle Street, Suite 1600
                               Chicago, Illinois  60603
                               Telephone 312.577.7000
                               Facsimile 312.577.7007
                               *Counsel for Plaintiff, SmartSignal Corporation*

## <u>VERIFICATION DECLARATION</u>

I, James P. Herzog, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am employed by SmartSignal Corporation as its Chief Technologist.

2.      I am authorized by SmartSignal Corporation to sign this verification declaration on behalf of SmartSignal Corporation.

3.      The actual text of the above Verified Complaint has been prepared by counsel.

4.      I have read the above Verified Complaint and, as to the best of SmartSignal's ability to determine them now, the facts stated therein are true and correct, except as to those facts and matters stated to be upon information and belief, and as to those matters, SmartSignal believes them to be true.

5.      Where the matters in the Verified Complaint relate to legal aspects of allegations made in this action, those statements were made by counsel and are hereby adopted by SmartSignal Corporation.

6.      SmartSignal Corporation adopts the foregoing Verified Complaint as its complaint in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/18/10

James P. Herzog, PhD

30

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SmartSignal Corporation, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Xu Xiao, a resident of Illinois, | ) ) ) |
| Defendant. | ) ) ) ) ) ) |

Civil Action No.  1:10-cv-3799

The Honorable _____

Magistrate Judge _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INDEX OF EXHIBITS**

| DESCRIPTION | EXHIBIT NO. |
|---|:---:|
| U.S. Patent No. 6,876,943 | 1 |
| U.S. Patent No. 6,556,939 | 2 |
| U.S. Patent No. 7,233,886 | 3 |
| U.S. Patent No. 7,308,385 | 4 |
| U.S. Patent No. 7,539,597 | 5 |
| Employee Agreement | 6 |
| Chinese proposal | 7 |
| China Real-Time white paper | 8 |
| SolidWay white paper | 9 |
| SolidWay website | 10 |